UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-B, ASSSET BACKED PASS-THROUGH CERTIFICATES, </br></br>  Plaintiff,</br>  v.</br></br>JESUS SANCHEZ,</br></br>  Defendant. | Case No. 11-cv-4981</br></br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deutsche Bank National Trust Company, as Trustee for the Registered Holders of New Century Home Equity Loan Trust, Series 2005-B, Asset Backed Pass-Through Certificates, filed a Complaint to Foreclose Mortgage on July 22, 2011. Defendant has filed a Motion to Dismiss [67]. For the reasons discussed below, Defendant's Motion [67] is denied.

## BACKGROUND

Plaintiff filed a Complaint to foreclose mortgage on the property at 161 N. Gregory St. Aurora, IL 60504. On November 3, 2011, Plaintiff's Motions for Default Judgment and to Appoint a Special commissioner were granted. An order of default was entered, as well as a judgment of foreclosure. On September 25, 2012, Plaintiff filed a Motion for an Order of Sale, Distribution, and Possession. On October 3, 2012, that motion was withdrawn because Defendant filed for bankruptcy.

On March 12, 2014, Plaintiff filed a Motion to Reopen the Case and a Motion for an Order of Sale. Those Motions were granted on March 18, 2014. On April 24, 2014, Defendant

filed a Motion to Quash Service, arguing that he was not properly served with the summons and Complaint. The Motion to Quash Service was granted on January 27, 2015. Plaintiff then attempted to serve Defendant through alias summons and finally by publication. Defendant appeared through an attorney on December 7, 2015, and filed his Motion to Dismiss on January 6, 2016.

## LEGAL STANDARD

A defendant may challenge subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[1] In ruling on a motion to dismiss for lack of standing, the court must accept as true all material allegations of the complaint, drawing reasonable inferences in the plaintiff's favor. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (internal citations omitted). "In determining whether to dismiss for lack of jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (internal citations and quotations omitted). The party asserting subject-matter jurisdiction bears the burden of establishing it. *Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

## ANALYSIS

Defendant argues that Plaintiff does not have standing to foreclose on his mortgage. Defendant first argues that the note attached to the Complaint as Exhibit 4 is not properly

---

[1] Defendant purports to challenge the Complaint under 12(b)(6) but actually makes a factual challenge to subject-matter jurisdiction. A factual challenge exists where Defendant alleges "the complaint is formally sufficient but . . . that there is in fact no subject matter jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Therefore, the Motion to Dismiss is actually brought under 12(b)(1).

2

endorsed per the UCC. The endorsement, by New Century Mortgage Corporation, is located on a page attached to the note. Defendant contends that the endorsement must be on the note itself. However, Illinois statute provides that "[f]or the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." 810 Ill. Comp. Stat. 5/3-204(a).[2] The signature is located on a paper affixed to the instrument, and the note is properly endorsed.

Defendant also argues that the Assignment of Mortgage, attached to the Complaint as Exhibit 5, is improper. Specifically, Defendant claims that there is no proof that Plaintiff holds the note as well as the mortgage. However, under Illinois law, a note may be enforced by the holder of the instrument or a non-holder in possession of the instrument who has the rights of a holder. 810 Ill. Comp. Stat. 5/3-301. Plaintiff has attached the note to the Complaint and appears to be in possession. Regardless, "Illinois does not require that a foreclosure be filed by the owner of the note and mortgage." *Mortgage Elec. Registration Sys., Inc. v. Barnes*, 940 N.E.2d 118, 124 (Ill. App. Ct. 2010).

## CONCLUSION

Plaintiff has standing to bring the foreclosure action. Defendant's Motion to Dismiss [67] is denied.

Date: _____May 10, 2016_____  _____
JOHN W. DARRAH
United States District Court Judge

---

[2] The UCC Comment further clarifies that "[a]n indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement." 810 Ill. Comp. Stat. 5/3-204.